## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RAMON SANCHEZ,            )
                                )
           Plaintiff,      )     Civil Action No. 20-1005
                                )
      v.                 )     District Judge W. Scott Hardy
                                )     Magistrate Judge Maureen P. Kelly
CAPTAIN SILBAUGH, LIEUTENANT )
LEWIS, STEVEN LONGSTRETH,   )
PSYCHOLOGIST WHITMAN and    )
PSYCHIATRIST PUSHKALAI PILLAI, )
                                )
           Defendants.   )

## <u>ORDER OF COURT</u>

This matter comes before the Court on *pro se* Plaintiff Ramon Sanchez's appeal of the Magistrate Judge's Order denying Plaintiff's motion to amend his Second Amended Complaint. (Docket No. 105). More specifically, on June 10, 2021, Plaintiff filed a motion seeking "Leave to Attach Amended Relief Section to Amended Complaint" (hereinafter, "Motion to Amend"), in which he requested leave to add demands for specific injunctive relief and to increase the amount of monetary damages sought in this action. (Docket No. 97). On July 7, 2021, United States Magistrate Judge Maureen P. Kelly issued an Order denying Plaintiff's Motion to Amend. (Docket No. 102 at 4). Judge Kelly also notified the parties that they were allowed 14 days in which to file an appeal of the decision to the District Court, in accordance with 28 U.S.C. § 636(b)(1) and Rule 72.C.2 of the Local Rules of the United States District Court for the Western District of Pennsylvania. (*Id.*).

On July 23, 2021, Plaintiff filed his "Appeal Motion [ECF 102] Order of Court, Under 28 U.S.C. § 636(b)(1) & Rule 72 C.2 Local Rules of Court." (Docket No. 105). In his appeal, Plaintiff explains that he is not appealing the denial of his request to increase the amount of

monetary damages sought in this action, nor is he appealing the denial of leave to add all of his

demands for injunctive relief.  (*Id.* ¶ 1).  Rather, Plaintiff asserts that he is only appealing Judge

Kelly's rejection of his request to add the following specific forms of injunctive relief:

> (2).  Plaintiff is appealing the rejection of Injunctive relief of Forbidding Defendants from Placing Plaintiff in any existing program in the L-5 Unit Restrictive Housing Unit, to collect government funding or to housing a prisoner with a history of Mental health issues.
>
> . . .
>
> (4).  Plaintiff is appealing the rejection of injunctive relief Immediately release Plaintiff from the Security Threat Group Management Unit/S.T.G.M.U. (Gang Unit) at SCI-Fayette.
>
> . . .
>
> (5).  Plaintiff is appealing the rejection of injunctive relief "Reestablishing Plaintiff's D-Code."
>
> . . .
>
> (6)  Plaintiff wishes to address and appeal Section (F) on page 3 of [ECF 102] . . . [regarding his request that]:
>
>> "Nor should a prisoner who is locked up in a cell 23 to 24 hours a day, who do not have the authority to force or encourage any Department of Corrections to abide by the rules of the grievance procedures that they themselves created."

(Docket No. 105 at 1-4).

Pursuant to 28 U.S.C. § 636(b)(1)(A), a United States magistrate judge may "hear and

determine any [nondispositive] pretrial matter pending before the court," and a district judge "may

reconsider any pretrial matter under this subparagraph (A) where it has been shown that the

magistrate judge's order is clearly erroneous or contrary to law."  *See also Cipollone v. Liggett*

*Group, Inc.*, 785 F.2d 1108, 1120 (3d Cir.1986) (regarding nondispositive motions, "the district

court may modify the magistrate's order only if the district court finds that the magistrate's ruling was clearly erroneous or contrary to law").  A ruling by a magistrate judge is considered to be "'clearly erroneous' when, although there is evidence to support it, the reviewing Court is left with a definite and firm conviction that a mistake has been committed." *South Seas Catamaran, Inc. v. The Motor Vessel "Leeway,"* 120 F.R.D. 17, 21 (D.N.J. 1988) (citing *United States v. Gypsum Co.,* 333 U.S. 364, 395 (1948)), *aff'd,* 993 F.2d 878 (3d Cir. 1993).  Moreover, it is the party filing the notice of appeal who bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law.  *See Alarmax Distributors, Inc. v. Honeywell Int'l Inc.*, 2016 WL 6791240, at *1 (W.D. Pa. April 20, 2016).  In this case, as Plaintiff's Motion to Amend is a nondispositive pretrial motion, the Court reviews Judge Kelly's order denying that motion under this "clearly erroneous" standard.  *See* LCvR 72.C.2.

Having reviewed Judge Kelly's Order denying Plaintiff's Motion to Amend as well as the other filings in this case, the Court concludes that Judge Kelly's Order is well-reasoned and supported by the law.  With regard to the forms of injunctive relief at issue in paragraphs (2), (4) and (6), as Judge Kelly explains at length in her Order, in the context of prisons, "a request for injunctive relief 'must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" (Docket No. 102 at 3 (quoting *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (internal quotation marks and citation omitted))).  Thus, "prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security."  (*Id.* (quoting *Easley v. Wetzel*, No. 21-63, 2021 WL 1200214, at *4 (W.D. Pa. Feb. 26, 2021), *report and recommendation adopted*, 2021 WL 1197483 (W.D. Pa. Mar. 30, 2021))).  Upon consideration of the extent to which the forms of

injunctive relief at issue in this appeal involve direct interference with prison operations, the Court agrees with Judge Kelly's finding that leave to amend is properly denied as futile here because there is no factual basis or legal authority to support the Court's imposition of the proposed constraints on prison officials that Plaintiff seeks.[1] (*Id.* at 4).

Additionally, as to the form of injunctive relief at issue in paragraph (5), although Plaintiff asserts that he is appealing the rejection of relief "Reestablishing Plaintiff's D-Code," the Court notes that Judge Kelly's Order did not, in fact, reject such relief. Instead, she explained in her Order that such relief is already included in Plaintiff's Second Amended Complaint. (Docket Nos. 102 at 2; 65 at 4).

Also, with regard to the form of injunctive relief at issue in paragraph (4), Plaintiff concedes that he has already "requested this injunctive relief [in] his initial and [Second] Amended Complaint" (Docket No. 105, ¶ 4-A), and the Court notes that Plaintiff has, in fact, requested somewhat similar relief, (i.e., by asking for injunctive relief that "Defendant(s) cease placing mentally ill prisoners in the Security Threat Group Management Unit/S.T.G.M.U. (Gang Unit)"). (Docket No. 65 at 4).

Furthermore, regarding the form of injunctive relief at issue in paragraph (6), Plaintiff appears to take issue with Judge Kelly's paraphrasing of that request as "noncompliance" with the facility grievance procedures, as he explains in his appeal that he "is talking about 'intentional obstruction' with the grievance process." (Docket No. 105, ¶ 6 (emphasis in original)). The Court notes, first, that it is unclear exactly what the requested relief is in paragraph (6). Nevertheless, to the extent that Plaintiff is requesting that the Court be required to excuse his noncompliance with

---

[1]     Among the grounds that "justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). If amendment is "futile," it means that a complaint as amended would fail to state a claim upon which relief could be granted. *See id.*

the grievance process due to his housing restrictions, the Court agrees with Judge Kelly's finding that such direct interference with the administration of the prison grievance system would be inappropriate.  However, to the extent that Plaintiff is noting his concerns that Defendants may prevail in this case based on their arguments regarding Plaintiff's alleged failure to abide by the grievance procedures and exhaust his administrative remedies, the Court emphasizes that Defendants have not prevailed when they raised such issues in their motions to dismiss, so Plaintiff will have the opportunity to pursue his claims despite such arguments having been raised.[2]  (Docket No. 112).  Moreover, Judge Kelly made this point clear in her Report and Recommendation (which was later adopted as the opinion of the Court), in which she recommended "that Dr. Pillai's Motion for Summary Judgment be denied and that the parties be permitted to conduct discovery to develop the necessary evidentiary record on which the issue of exhaustion may be resolved at a later stage of this litigation."  (Docket No. 92 at 13; Docket No. 112).

Therefore, upon consideration of Plaintiff's appeal of Judge Kelly's Order (Docket No. 105), and having reviewed that Order in accordance with 28 U.S.C. § 636(b)(1) and Rule 72.C.2 of the Local Rules of Court, the Court finds that the Order is neither clearly erroneous nor contrary to law, and thus the Court declines to reconsider Plaintiff's Motion to Amend.  Accordingly, the Court enters the following Order:

AND NOW, this 15th day of November, 2021,

IT IS HEREBY ORDERED that Magistrate Judge Kelly's ruling in her Order entered in the above-captioned matter on July 7, 2021 (Docket No. 102), denying Plaintiff's Motion to Amend, is AFFIRMED.

---

[2]     For example, Plaintiff notes in his appeal that "if this honorable court dismiss this appeal, Plaintiff wishes this court to keep at the forefront that Defendant(s) refer to four grievances that Defendant(s) initially claim that Plaintiff didn't file, as "Operative Grievances."  (Docket No. 105, ¶ 8-B).

_/s W. Scott Hardy_
W. Scott Hardy
United States District Judge

cc/ecf:     All counsel of record
             Ramon Sanchez (via U.S. Mail)