IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAMON SANCHEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 20-1005 |
| | ) | District Judge W. Scott Hardy |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| CAPTAIN SILBAUGH, LIEUTENANT LEWIS, STEVEN LONGSTREATH, PSYCHOLOGIST WHITMAN, PSYCHIATRIST PUSHKALAI PILLAI, | ) ) ) ) ) | Re: ECF No. 134 |
| Defendants. | ) | |

## MEMORANDUM ORDER

Ramon Sanchez ("Plaintiff") is an inmate currently incarcerated at the State Correctional Institution at Phoenix ("SCI – Phoenix"). Through his Second Amended Complaint, ECF No. 65, Sanchez asserts claims against employees of the Pennsylvania Department of Corrections ("DOC") and a contracted mental health provider related to the conditions of his confinement at the State Correctional Institution at Greene ("SCI – Greene"). Sanchez alleges that Defendants violated his constitutional rights by placing him in a restrictive Security Threat Group Management Unit ("STGMU") and by failing to provide mental health treatment for the period January 22, 2018, through October 24, 2018. ECF No. 65.

Presently before the Court is Plaintiff's Motion to Compel Discovery, ECF No. 134, seeking the production of over a dozen categories of information, many that are requested for the first time. Upon consideration of the motion, Defendants' Joint Response in Opposition, ECF No. 139, and the Supplemental Response provided by the DOC Defendants, ECF No. 141, and the

1

Court's *in camera* review of two categories of requested documents, the Motion to Compel is granted in part and denied in part.

I.     **LEGAL STANDARD**

Federal Rule of Civil Procedure 26(b)(1) defines the permissible scope of discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Rulings regarding the proper scope of discovery permitted under Rule 26, and the extent to which discovery may be compelled, are matters consigned to the Court's discretion and judgment. Wisniewski v. Johns–Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. Morrison v. Phila. Hous. Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litig., 261 F.R.D. 570, 573 (D. Kan. 2009).

II.     **DISCUSSION**

On December 22, 2021, this Court entered an Amended Case Management Order directing the parties to complete discovery by April 1, 2022. ECF No. 127. Defendants state that the

pending Motion to Compel filed on April 5, 2022, includes several requests for production of documents that Plaintiff has not previously served. ECF No. 139 at 2; ECF No. 139-1. Therefore, the Joint Response presents Defendants' first opportunity to respond or object to these requests. In the interest of justice, the Court will consider each request despite Plaintiff's failure to abide by the Court's Amended Case Management Order.

**A. DC-46 Vote Sheets**

Plaintiff seeks a copy of the DC-46 Vote Sheet completed in 2018 by SCI – Huntington administration officials and a copy of the DC-46 Vote Sheet completed by SCI - Albion administration officials in 2019. ECF No. 134 ¶¶ 1, 30. Plaintiff asserts the vote sheets will establish that "all parties knew of Plaintiff's existing mental health history" but "down-played" his condition to permit placement in SCI – Greene's STGMU. ECF No. 134 ¶ 1 – F.

Defendants object to production of these documents as privileged and vital to important institutional security interests. ECF No. 139 at 2. Defendants have provided copies of the vote sheets to the Court for *in camera* review and the security concerns respect to these documents are apparent. ECF No. 141.

"[C]ourts have declined to compel production of prison vote sheets because the release of this information poses a legitimate security concern for the institution." Bramble v. Wetzel, No. 20-cv-2394, 2021 WL 5918752, at * 3 (M.D. Pa. Dec. 15, 2021) (citing Naranjo v. T. Walter, 2021 WL 4226062, at * 5 (M.D. Pa. Sept. 16, 2021) (finding that the deliberative process privilege applied and denying a motion to compel vote sheets)); Walker v. Regan, 2019 WL 687884, at *3 (E.D. Pa. Feb. 15, 2019) (declining to compel production of vote sheets because they "are quintessential examples of documents protected by the deliberative process privilege"); Mearin v. Folino, 2012 WL 4378184, at *4 (W.D. Pa. Sept. 24, 2012) (denying a motion to compel DC-46

3

vote sheets because the vote sheets, and "particularly the names of the staff members who signed them, are privileged and confidential").

The Court has conducted an *in camera* review of the vote sheets. The Court agrees that DOC's legitimate security concerns outweigh any relevance that these documents have to Plaintiff's constitutional claims at issue here. Further, the vote sheets reflect the confidential deliberations of administrators deciding whether Sanchez should be placed in a more secure unit, and thus are protected by the deliberative process privilege. Finally, Sanchez has not established the relevance of the decisions made by administrators at SCI – Huntington and SCI – Albion to the allegations regarding the conditions of confinement and lack of mental health treatment at SCI – Greene. Thus, Defendants' objections to the production of the SCI – Huntingdon and SCI – Albion DC-46 Votes Sheets are sustained and the Motion to Compel is denied as to these documents.

### B. DC-ADM 6.5.1 Policy

Plaintiff next seeks to compel production of a copy of DOC Policy DC-ADM 6.5.1, which provides guidance as to the circumstances guiding the placement of an inmate in the STGMU. ECF No. 134 ¶ 2. Plaintiff asserts that the policy will "show that there is no real structure" for mentally ill inmates assigned to the unit. Id. ¶ 2-A.

Defendants object to production of the policy as "highly confidential" for security reasons that preclude disclosure to inmates. Defendants state that DC-ADM 6.5.1 contains information directly related to the operations and security of the institution's secure housing units; thus, disclosure of the policy poses a significant risk to the security of the institution and the safety of staff and inmates. ECF No. 141.

The Court has conducted an *in camera* review of DC-ADM 6.5.1 and agrees that production to an inmate would create a substantial institutional security risk. See Mercaldo v. Wetzel, No. 1:13-CV-1139, 2016 WL 5851958, at *3 (M.D. Pa. Oct. 6, 2016) (citing Houser v. Pa. Dep't of Corr., Civ. A. 13-cv-1068, 2015 WL 757552 (W.D. Pa. Feb. 23, 2015) (to permit inmate access to 6.5.1's confidential internal working procedures for staff dealing with Security Level 5 RHU inmates would create a "substantial security risk"); Whitney v. Wetzel, Civ. A. No. 2:12-cv-1623, 2013 WL 5513481 (W.D. Pa. Oct. 31, 2014) (finding that policy 6.5.1 "is a privileged and confidential document that addresses the administration of Security Level 5 Housing Units."); Spencer v. Collins, 2013 WL 5176747, at *2 (M.D. Pa. Sept. 12, 2013) (finding defendants' safety and security concerns about releasing the 6.5.1 manual outweighed the plaintiff's interest in its production); Huertas v. Beard, No. 10-10, 2012 WL 3096430, at *3 (W.D. Pa. July 30, 2012); Bailey v. McMahon, No.1:CV-07-2238, 2012 WL 1246147, at *7 (M.D. Pa. Apr. 12, 2012) (denying motion to compel production of DC-ADM 6.5.1, agreeing with Department of Corrections' assertion that its interest in confidentiality and institutional security outweighed plaintiff's interest in reviewing the manuals); Victor v Lawler, Civ. A. No. 3:08-CV-1374, 2011 WL 1884616 (M.D. Pa. May 18, 2011) ("[w]e find that release of the policy manuals [6.3.1 and 6.5.1] themselves would undermine institutional security.").

Plaintiff also fails to persuade the Court that the reasons for production outweigh legitimate security concerns. Plaintiff's claims relate to the conditions of his confinement, including Defendants' failure to provide mental health treatment for inmates assigned to the STGMU. Plaintiff is not precluded from describing the conditions in his housing unit, the impact of those conditions on his mental health, and the treatment received (or the lack thereof). See, e.g., Huertas, 2012 WL 3096430, at *3 ("Whether the Defendants have acted in strict accordance with Policy

5

6.5.1 is not at issue, because we are not concerned with the possible violation of internal prison policy but rather the alleged violation of Plaintiff's federal constitutional rights, which exist quite independently of any authorization contained in DC-ADM 6.5.1."). Thus, Defendants' objections to the production of the DC-ADM 6.5.1 Policy are sustained and the Motion to Compel is denied as to this policy.

### C. Mental Health Records

Plaintiff seeks to compel production of his mental health records. ECF No. 134 ¶ 3. Defendants have agreed to produce a copy, albeit with redactions of "clinical and interpretative judgements and impressions." ECF No. 139 ¶ 14. Defendants state that redaction of this information is necessary to prevent a "significant deleterious influence on the therapeutic relationship and rapport between the patient and his mental health providers." Id. ¶ 15. "Further, access to such clinical judgements and impressions could result in aggressive, hostile or even violent responses, which are a real and significant risk" to security. Id. ¶ 16.

The Motion to Compel production of mental health records is denied as moot as to the unredacted portions Defendants have agreed to produce. It is expected that production shall occur within fourteen days of this Order.

That said, the Motion to Compel an unredacted copy of Plaintiff's mental health records is denied because of the potential to undermine DOC's legitimate security interests. See Simmons v. Gilmore, No. 2:17-CV-00996, 2019 WL 3944325, at *4 (W.D. Pa. Aug. 21, 2019) ("mental health records, in any event, are confidential, pose a valid security risk, and not typically discoverable") (citing Carter v. Baumcratz, 2019 WL 652322, *2 (W.D. Pa. Feb. 15, 2019), and quoting Banks v. Beard, 2013 WL 3773837, at *3 (M.D. Pa. July 17, 2013)) ("With respect to the mental health records, were they made available to inmates or the public, DOC professionals would tend to

refrain from entering candid opinions and evaluations. Consequently, decision-makers would not have the benefit of honest observations from professionals in the field. Moreover, if an inmate knows how DOC staff will evaluate him and how particular behaviors are likely to be interpreted, he is capable of manipulating the resulting determination, which could lead to inaccurate assessments, improper institutional placements, and possible premature release from custody. Based on the foregoing, defendants will not be compelled to produce any portion of plaintiff's mental health record.").

Accordingly, Defendants' objections to the production of Plaintiff's unredacted mental health records are sustained and the Motion to Compel is denied.

### D. Requests for Information Related to Other Inmates

Plaintiff asks for (1) the names of every inmate housed in the STGMU who experienced a reduction in his mental health stability code to a C-stability code; (2) the names of all inmates with "C-stability codes" or mental health diagnoses who were placed in the STGMU; (3) the names of all inmates who were housed in the STGMU who were placed in a psychiatric observation cell; (4) the names of every inmate who "successfully killed themselves" in the STGMU; and, (5) the names of all inmates who attempted suicide. ECF No. 134 ¶¶ 4-8.  Plaintiff states he seeks the names of these individuals as potential witnesses.

Defendants object based on inmate privacy concerns, as well as federal law and internal DOC policies prohibiting the disclosure of confidential mental health information. Defendants also challenge the requests as overly broad, unduly burdensome, and seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Upon review, Plaintiff's requests are plainly overbroad and unduly infringe upon the privacy interests of other inmates who are entitled to the protection of their personal mental health

information and status. See, e.g., Mercaldo v. Wetzel, No. 1:13-CV-1139, 2016 WL 5851958, at *4 (M.D. Pa. Oct. 6, 2016) (denying Motion to Compel grievances and incident reports involving other inmates are, inter alia, potentially implicating privacy and security interests of other inmates) (collecting cases). Despite Plaintiff's assertion that he only seeks the names of inmates and not their records, even disclosing names infringes on each inmate's right to privacy regarding his mental health status and conduct. Thus, Defendants' objections to the requested inmate mental health information are sustained and the Motion to Compel is denied.

### E. STGMU Funding Information

Plaintiff seeks to compel information regarding the amount of money provided to the Department of Corrections to run the STGMU. ECF No. 134 ¶ 10. Plaintiff bears the initial burden of establishing the relevance of this information to his claims. Plaintiff asserts that there is a fiscal incentive to place inmates in the STGMU without regard to mental health. Id. In this case, Plaintiff asserts that his Eighth Amendment were violated because prison officials and mental health providers ignored or misdiagnosed his mental illness throughout his 17 years of incarceration and failed to treat him while confined to the STGMU. ECF No. 65 ¶¶ 76-81. Information regarding specific funding for the STGMU therefore has questionable relevance to his claims, which relate to diagnosis and treatment. Thus, the burden of producing funding information is not proportional to the needs of this case. Defendants' objections are sustained and the Motion to Compel is denied.

### F. Information Regarding Dr. Pillai

Plaintiff seeks to obtain records of (1) "all complaints made to the Board of Ethics against Defendant Pillai;" (2) "all civil lawsuits filed against Defendant Pillai;" (3) "all grievances filed against Defendant Pillai;" and (4) "any criminal complaints lodged against Defendant Pillai." ECF 134 ¶¶ 13, 14, 15 and 16. Defendants object to these requests as vastly overbroad, unduly

burdensome, and seeking information which is irrelevant and not likely to lead to the discovery of admissible evidence. ECF No. 139 ¶¶ 31, 32.

The Court agrees that Plaintiff has not tailored his requests in any way to comport with the requirements of the Federal Rules of Civil Procedure. A similarly overbroad request was denied in <u>Sutton v. Cerullo</u>, No. 3:CV-10-1899, 2015 WL 728473, at *3 (M.D. Pa. Feb. 19, 2015), where the court concluded that "even if grievances or complaints of mistreatment have ever been filed by other inmates against Defendant, this does not establish that Defendant ever engaged in any such conduct. Inmates file numerous grievances against the professionals they come in contact with in the prison on a daily basis, but this does not establish that any of the grievances or complaints had merit."

In the area of mental health treatment, the Court concludes that there are countless variables in the diagnosis and treatment of mental illness to permit far-reaching discovery of all grievances or complaints lodged against a particular mental health provider. Thus, the Court will narrowly tailor Plaintiff's request to the essence of his claim, and permit discovery only of litigation filed in state or federal court against Dr. Pillai for deliberate indifference to an inmate's serious mental health condition. <u>See, e.g.</u>, <u>Whitney v. Wetzel</u>, No. 2:12-CV-01623, 2014 WL 5513481, at *3 (W.D. Pa. Oct. 31, 2014) (permitting discovery limited to the essence of inmate's claims). Thus, the Defendant's objection is overruled and the Motion to Compel is granted in part and denied in part as indicated.[1]

---

[1] Plaintiff also seeks a copy of Dr. Pillai's "record of where was she employed prior to working for the Pennsylvania Department of Corrections." ECF No. 134 ¶ 12. Defendant Pillai indicates she does not object to this request and will provide Plaintiff with a list of Dr. Pillai's prior employment. Therefore, Plaintiff's Motion to Compel Dr. Pillai's employment record is denied as moot.

**G. Video Footage**

Plaintiff next seeks to obtain copies of video footage: (1) from "I-Block C and D Pod from January 22, 2018 through September of 2018"; (2) handheld security footage from September 17, 2018 or September 18, 2018, depicting his escort from I-Block to the medical department; (3) footage of the psychiatric observation cell where Plaintiff was confined from September to December 2018; and, (4) footage from October 24, 2018 through November 2, 2018, of Plaintiff inside the Mental Health Unit at SCI Camp Hill. ECF No.134 ¶¶ 18, 24, 25, 31. Defendants object that Plaintiff's request is overly broad, unduly burdensome and seeks information which is irrelevant and not likely to lead to the discovery of admissible evidence. Further, Defendants state that after reasonable inquiry, the requested video footage does not appear to exist and is therefore not in the possession, custody, or control of Defendants.

An "immutable rule defines the court's discretion when ruling on motions to compel discovery. It is clear that the court cannot compel the production of things that do not exist. Nor can the court compel the creation of evidence by parties who attest that they do not possess the materials sought by an adversary in litigation." Rosa-Diaz v. Harry, No. 1:17-CV-2215, 2018 WL 6322967, at *3 (M.D. Pa. Dec. 4, 2018) (citing AFSCME District Council 47 Health and Welfare Fund v. Ortho-McNeil-Janssen Pharmaceuticals, Inc., No. 08-5904, 2010 WL 5186088 (E.D. Pa. Dec. 21, 2010); Knauss v. Shannon, No. 08-1698, 2009 WL 975251 (M.D. Pa. April 9, 2009)). That said, Defendants are directed to file a Notice on the docket of this matter attesting to the steps taken to verify that the requested videos do not exist, and identifying the names and job titles of DOC employees with whom the request was lodged. Upon docketing and service of the Notice, Plaintiff may reassert any grounds to compel production of video, if any, based upon Defendants' response. Thus, The Motion to Compel is denied without prejudice.

### H. Defendants' Criminal History

Plaintiff requests the "criminal history" of each Defendant. ECF No. 134 ¶ 19. Defendants object to producing such information as overly broad and seeking information which is irrelevant and not likely to lead to the discovery of admissible evidence. ECF No. 139 ¶ 37. Upon review, Plaintiff does not put forth any argument to establish the relevance of a party's criminal history, if any, to his claims of deliberate indifference to his mental health. Accordingly, Defendants' objections are sustained, and the Court denies Plaintiff's Motion to Compel. See, Pelino v. Gilmore, No. CV 18-1232, 2019 WL 6696206, at *3 (W.D. Pa. Dec. 6, 2019).

### I. Information Regarding Handcuff Keys

Plaintiff requests a copy of the policy regarding lost or stolen handcuff keys and the "rules" regarding special payment for officers who transport prisoners accused of being in possession of stolen handcuff keys. ECF No. 134 ¶¶ 20, 21. Plaintiff also seeks a list of names of any inmate accused of being in possession of stolen handcuff keys who was transported to an outside hospital or other prison. Id. ¶ 22.  The DOC Defendants object to these requests as overbroad and vague, and seeking information that is not relevant to Plaintiff's claims in this lawsuit. ECF No. 139 ¶¶ 38-41; ECF No. 139-1 ¶ 7.  Additionally, Defendants "do not believe there is a policy that is responsive to [either] request." Id. To the extent the request is construed to refer to Defendants' security policies regarding lost or stolen handcuff keys, or rules for transporting inmates, Defendants further object due to the legitimate security risks attendant with distribution of this information.

The Court agrees that this information is protected from discovery by an inmate due to the evident security risks presented by disclosing information regarding procedures taken in the event a handcuff key is stolen, including the measures taken to securely transport inmates who may be

11

in possession of a handcuff key. See Huertas v. Beard, 2012 WL 3096430 (W.D. Pa. Jul. 30, 2012). Plaintiff also fails to explain the relevance of this information to any claim at issue in this action. Accordingly, the Defendants' objections are sustained and the Motion to Compel is denied.

### J. Information Regarding Security Memo

Plaintiff seeks a copy of a memo prepared by SCI – Greene security officials sent to security officials at SCI – Camp Hill regarding his possession of a stolen handcuff key. ECF No. 134 ¶ 26. Defendants object, broadly claiming that production "would pose a significant security threat." ECF No. 130 ¶ 43. The Court denies the Motion to Compel on a more fundamental basis: Plaintiff does not explain the relevance of this information to his claims regarding the denial of mental health services at SCI – Greene, and thus fails to meet his initial burden in support of the Motion to Compel. Morrison v. Phila. Hous. Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001).

### K. Hospital X-Rays

Plaintiff next seeks to compel copies of x-rays taken at either SCI – Greene or at Washington County Hospital. ECF No. 134 ¶¶ 27, 28. The DOC Defendants state that they have produced Plaintiff's hospital records and a radiologist's report, but they are not in possession of "actual x-ray films." ECF No. 139 ¶ 45. Because the records are not within the control of any Defendant, the Motion to Compel is denied. See Knauss v. Shannon, No. 08-1698, 2009 WL 975251 (M.D. Pa. April 9, 2009)). That said, Plaintiff may obtain his x-ray films through a properly issued subpoena served on Washington Hospital.

### L. Policy DC-ADM 13.8.1 (Mental Health Policy)

Plaintiff seeks to compel the publicly available DOC Mental Health Policy, DC-ADM 13.8.1. ECF No. 134 ¶ 29. Defendants agree to produce the policy. ECF No. 139 ¶ 47. Therefore,

the Motion to Compel is denied as moot. It is expected that Defendants will serve Plaintiff with a copy of DC-ADM 13.8.1 within fourteen days.

### M. Grievances Against Each Defendant

Plaintiff seeks to compel production of "all and any grievances filed against each Defendant herein about medical and/or about mental health." ECF No. 134 ¶ 17. Defendants object that the request is overly broad, unduly burdensome, and seeking information that is irrelevant. ECF No. 139 ¶ 49. Defendants state that given their roles as staff members within the Pennsylvania Department of Corrections, the Defendants are frequently the subject of grievances, such that it would be impossible to obtain and provide copies of any and all grievances ever filed against them. Id. ¶¶ 50, 51. To the extent Plaintiff limits his request to grievances submitted by other inmates related to medical or mental health care, Defendants raise the confidential nature of the grievances, given that disclosure to Plaintiff could implicate personal health information and therefore be protected by the Health Insurance Portability and Accountability Act ("HIPAA"). Id. ¶ 53.

The Court agrees with Defendants that this request is overbroad and unduly burdensome. The Court further agrees that disclosure of all grievances related to health care or mental health would lead to the disclosure of confidential personal health information, and thus is not appropriate on that basis. That said, Plaintiff's request may be tailored to account for privacy and scope and, if so limited, may lead to the discovery of admissible evidence. Therefore, Plaintiff will be entitled to discover any and all litigation filed against Defendants in state or federal court to the extent such litigation specifically alleges the essence of Plaintiff's claims regarding the denial of mental health treatment in the SGTMU. Whitney, 2014 WL 5513481, *3. The Defendant's objection is overruled, and the Motion to Compel is therefore denied in part and granted in part, as indicated.

### N. Plaintiff's Misconduct Reports and Investigations

Plaintiff also seeks to compel copies of all misconducts received by him throughout his incarceration in facilities operated by the Department of Corrections, a span of over twenty years. He also seeks a copy of every investigation "lodged against [him] throughout his 20 year incarceration." ECF No. 134 ¶¶ 32, 33. Plaintiff again fails to explain the relevance of this information to his claim that during his confinement in the SGTMU, Defendants were deliberately indifferent to his mental health and failed to provide necessary treatment. ECF No. 65 ¶¶ 76-99. Accordingly, the Defendants' objections to production are sustained and the Motion to Compel is denied.

### III. CONCLUSION

For the reasons set forth herein, the Court grants in part and denies in part Plaintiff's Motion to Compel. An appropriate order follows.

### ORDER

AND NOW, this 11th day of July 2022, upon consideration of Plaintiff's Motion to Compel Discovery, ECF No. 134, the Joint Response in opposition filed by Defendants, ECF No. 139, and the Supplemental Response provided by the DOC Defendants, ECF No. 141, and the Court's *in camera* review of two categories of requested documents, IT IS HEREBY ORDERED that the Motion to Compel is granted in part and denied in part as more fully set forth in this Memorandum Order.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to

file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable W. Scott Hardy
United States District Judge

All counsel of record via CM/ECF

RAMON SANCHEZ
FH-7056
SCI PHOENIX
1200 MOKYCHIC DRIVE
COLLEGEVILLE, PA 19426