## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAMON SANCHEZ, | ) |
| Plaintiff, | ) Civil Action No. 20-1005 |
| v. | ) District Judge W. Scott Hardy |
| | ) Magistrate Judge Maureen P. Kelly |
| CAPTAIN SILBAUGH, LIEUTENANT LEWIS, STEVEN LONGSTRETH, PSYCHOLOGIST WHITMAN and PSYCHIATRIST PUSHKALAI PILLAI, | ) |
| Defendants. | ) |

### MEMORANDUM ORDER

This matter comes before the Court on *pro se* Plaintiff Ramon Sanchez's appeal of the Magistrate Judge's Order granting in part and denying in part Plaintiff's motion to compel discovery. (Docket No. 147). More specifically, on April 5, 2022, Plaintiff filed a "Motion for an Order Compelling Discovery Pursuant to Federal Rules of Civil Procedure" (hereinafter, "Motion to Compel"), in which he sought production of over a dozen categories of information, many that were requested for the first time. (Docket No. 134). On July 11, 2022, United States Magistrate Judge Maureen P. Kelly issued a Memorandum Order granting in part and denying in part Plaintiff's Motion to Compel, noting that she had considered each request despite Plaintiff's failure to abide by the Court's Amended Case Management Order with regard to such discovery requests. (Docket No. 142 at 2-3, 14). Judge Kelly also notified the parties that they were allowed 14 days in which to file an appeal of the decision to the District Court, in accordance with 28 U.S.C. § 636(b)(1) and Rule 72.C.2 of the Local Rules of the United States District Court for the Western District of Pennsylvania. (*Id.* at 14-15).

1

On August 2, 2022, Plaintiff filed his "Motion to Appeal Under Magistrate Judges Act, 28 U.S.C. § 636(b)(1) & Rule 72.C.2 of Local Rules Of Court Within The Time-Line Of 14 Days" (hereinafter, "Appeal"), in which he is appealing Judge Kelly's Order to the extent that it denied certain parts of his request to compel the production of information.[1]  (Docket No. 147).  On September 20, 2022, Plaintiff filed several exhibits in support of his Appeal.[2]  (Docket No. 154). While it is not entirely clear to the Court which aspects of Judge Kelly's Order Plaintiff is challenging, Plaintiff appears to be seeking review of the denial of his requests to compel the production of the following items:  DC-46 Vote Sheets; DOC Policy DC-ADM 6.5.1; Plaintiff's mental health records; information related to other inmates; funding information regarding the Security Threat Group Management Unit ("STGMU"); video footage; a memo regarding Plaintiff's possession of a stolen handcuff key (and perhaps other general information regarding handcuff keys); and x-rays that were previously taken of Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1)(A), a United States magistrate judge may "hear and determine any [nondispositive] pretrial matter pending before the court," and a district judge "may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  *See also Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1120 (3d Cir.1986) (regarding nondispositive motions, "the district court may modify the magistrate's order only if the district court finds that the magistrate's ruling was clearly erroneous or contrary to law").  A ruling by a magistrate judge is considered to be "'clearly erroneous' when, although there is evidence to support it, the reviewing Court is left with

---

[1] Plaintiff combined his Appeal to this judicial officer with a renewed "Motion for Appointment of Counsel Due to Nature of Discovery Request," which was referred to Judge Kelly.  (Docket Nos. 146, 147).  Judge Kelly denied the Motion for Appointment of Counsel without prejudice on September 20, 2022, and Plaintiff did not appeal that ruling.  (Docket No. 153).

[2] Plaintiff's exhibits are filed in support of both his Motion for Appointment of Counsel and his Appeal. (Docket Nos. 146, 147, 154).

a definite and firm conviction that a mistake has been committed." *South Seas Catamaran, Inc. v. The Motor Vessel "Leeway,"* 120 F.R.D. 17, 21 (D.N.J. 1988) (citing *United States v. Gypsum Co.,* 333 U.S. 364, 395 (1948)), *aff'd,* 993 F.2d 878 (3d Cir. 1993). Moreover, it is the party filing the notice of appeal who bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law. *See Alarmax Distributors, Inc. v. Honeywell Int'l Inc.*, No. 2:14cv1527, 2016 WL 6791240, at *1 (W.D. Pa. April 20, 2016). In this case, as Plaintiff's Motion to Compel is a nondispositive pretrial motion, the Court reviews Judge Kelly's order on that motion under this "clearly erroneous" standard. *See* LCvR 72.C.2.

Having reviewed Judge Kelly's Order granting in part and denying in part Plaintiff's Motion to Compel as well as the other filings in this case, the Court concludes that Judge Kelly's Order is well-reasoned and supported by the law. First, with regard to Plaintiff's Motion to Compel the production of DC-46 Vote Sheets, Judge Kelly found, after conducting an *in camera* review of such materials, that the legitimate security concerns of the Department of Corrections ("DOC") outweigh any relevance that the documents have to Plaintiff's constitutional claims. (Docket No. 142 at 3-4 (citing cases including *Bramble v. Wetzel*, No. 20-cv-2394, 2021 WL 5918752, at *3 (M.D. Pa. Dec. 15, 2021) (noting that vote sheets detail reasons for security classification, which if disseminated, could result in inmates manipulating their behaviors to obtain release from such classification); *Naranjo v. T. Walter*, Civ. Action No. 1:20-CV-918, 2021 WL 4226062, at *5 (M.D. Pa. Sept. 16, 2021); *Walker v. Regan*, Civ. Action No. 13-7556, 2019 WL 687884, at *3 (E.D. Pa. Feb. 15, 2019); *Mearin v. Folino*, Civ. Action No. 11-571, 2012 WL 4378184, at *4 (W.D. Pa. Sept. 24, 2012)). Judge Kelly further found that the vote sheets reflect the confidential deliberations of administrators in deciding whether Plaintiff should have been placed in a more secure unit and are protected by the deliberative process privilege, and that Plaintiff has not

established the relevance of the decisions made by administrators to Plaintiff's allegations regarding the conditions of confinement and lack of mental health treatment available. (Docket No. 142 at 4). Plaintiff argues that there are acceptable ways in which such vote sheets could be disclosed to him, such as by "blacking out" names, but the Court finds that merely redacting names would not entirely remedy the concerns involved in producing such documents.[3] (Docket No. 147 at 2-4). Therefore, upon consideration of Judge Kelly's analysis as well as Plaintiff's argument in opposition thereto, the Court finds that Judge Kelly's denial of Plaintiff's motion to compel production of the DC-46 Vote Sheets is neither clearly erroneous nor contrary to law.

As to the DC-ADM 6.5.1 policy, which provides guidance regarding the circumstances leading to placement of inmates in the STGMU, Judge Kelly also conducted an *in camera* review of such policy and found that production of the policy to an inmate would create a substantial institutional security risk, that Plaintiff did not show that the reasons for production outweigh the legitimate security concerns, and that, in any event, Plaintiff is not precluded in this action from describing the conditions in his housing unit and the impact of such conditions on him. (Docket No. 142 at 4-6 (citing various cases including *Mercaldo v. Wetzel*, Civ. No. 1:13-CV-1139, 2016 WL 5851958, at *3 (M.D. Pa. Oct. 6, 2016); *Houser v. Pa. Dep't of Corr.*, Civ. Action No. 13-cv-1068, 2015 WL 757552, at *4 (W.D. Pa. Feb. 23, 2015); *Witney v. Wetzel*, Civ. Action No. 2:12-cv-01623, 2013 WL 5513481, at *2 (W.D. Pa. Oct. 31, 2014)). Plaintiff argues that Defendants have not presented evidence to confirm that there would be legitimate security concerns involved with the disclosure of such policy. (Docket No. 147 at 5). Upon consideration of Judge Kelly's

---

[3] Plaintiff also suggests that counsel could be appointed to handle the documents so that Plaintiff would never see them. (Docket No. 147 at 4). The Court notes, however, that, as explained *supra*, Plaintiff's renewed Motion for Appointment of Counsel was previously denied, and Plaintiff did not appeal such denial.

Order and Plaintiff's argument in opposition, the Court finds Judge Kelly's denial of Plaintiff's motion to compel production of the policy to be neither clearly erroneous nor contrary to law.

Judge Kelly further denied Plaintiff's Motion to Compel production of his mental health records as moot with regard to the unredacted portions that Defendants already agreed to produce. (Docket No. 142 at 6). As to the records containing redactions of "clinical and interpretative judgements and impressions" that Defendants have agreed to produce, Judge Kelly denied Plaintiff's request to compel production of unredacted versions of such records because of the potential to undermine DOC's legitimate security interests. (*Id.* at 6-7 (citing *Simmons v. Gilmore*, Case No. 2:17-cv-00996, 2019 WL 3944325, at *4 (W.D. Pa. Aug. 21, 2019); *Carter v. Baumcratz*, Case No. 1:18-cv-00096, 2019 WL 652322, *2 (W.D. Pa. Feb. 15, 2019); *Banks v. Beard*, Civ. No. 3:CV-10-1480, 2013 WL 3773837, at *3 (M.D. Pa. July 17, 2013)). Plaintiff argues that Defendants have not offered evidence to show that prisoners have manipulated such tests in the past. (Docket No. 147 at 5-6). Upon consideration of Plaintiff's argument, the Court finds that Plaintiff has not met his burden to show that Judge Kelly's denial of his Motion to Compel production of unredacted versions of his medical records is clearly erroneous or contrary to law.

As to Plaintiff's request for information regarding other inmates, Judge Kelly found that Plaintiff's requests are overbroad and that they unduly infringe upon the privacy interests of other inmates who are entitled to protection of their mental health information and status. (Docket No. 142 at 7-8 (citing *Mercaldo v. Wetzel*, 2016 WL 5851958, at *4). Judge Kelly further found that even disclosing the names of other inmates (and not their records) infringes on each on each inmate's right to privacy regarding his mental health status and conduct. (*Id.* at 8). Plaintiff has not indicated how other inmates' privacy rights would not be violated by the disclosure that he requests. (Docket No. 147 at 7). Upon consideration of the Order and Plaintiff's response, the

5

Court finds that Judge Kelly's denial of Plaintiff's Motion to Compel production of the requested information regarding other inmates is not clearly erroneous or contrary to law.

As to the STGMU funding information that Plaintiff requested, Judge Kelly found that such information has questionable relevance to his claims, which relate to diagnosis and treatment, and that the burden of producing such broad funding information is not proportional to the needs of Plaintiff's case. (Docket No. 142 at 8). Plaintiff argues that greed for such funding is at the root of the violation of his constitutional rights. (Docket No. 147 at 7-8). The Court finds that Plaintiff's general statement alleging "greed" has not shown Judge Kelly's denial of his Motion to Compel the production of funding information to be clearly erroneous or contrary to law.

Regarding the video footage that Plaintiff requested, Judge Kelly noted in her Order that Defendants have stated that, after reasonable inquiry, such video footage does not appear to exist and is therefore not in their possession, custody, or control. (Docket No. 142 at 10). Plaintiff asserts that such video footage must exist, and he submits exhibits in support of that assertion, including a signed statement from an inmate who claims to have seen a video camera being used to film Plaintiff. (Docket No. 147 at 8; Docket Nos. 154, 154-1, 154-2). In her Order, Judge Kelly directed Defendants to file a Notice on the docket attesting to the steps taken to verify that the requested video footage does not exist, and identifying the names and job titles of employees with whom that request was lodged. (Docket No. 142 at 10). Judge Kelly further indicated that, upon docketing and service of that Notice, Plaintiff may reassert any grounds to compel production of video, if any, based on Defendants' response. (*Id.*). The Court finds that such ruling, denying Plaintiff's Motion to Compel the production of video evidence without prejudice while ordering that the aforementioned procedural steps be taken next, is neither clearly erroneous nor contrary to law.

As to the information regarding handcuff keys that Plaintiff seeks, Judge Kelly found such information to be protected from discovery by an inmate due to the evident security risks presented by the disclosure of information regarding procedures used in the event of a handcuff key being stolen (including measures taken to securely transport inmates who may be in possession of a handcuff key). (Docket No. 142 at 11-12). Judge Kelly further noted that Plaintiff failed to show the relevance of such information to any claim in this action. (*Id.* at 12). Plaintiff does not appear to specifically address this issue in his Appeal, and the Court finds Judge Kelly's ruling in this regard to be neither clearly erroneous nor contrary to law. Relatedly, Judge Kelly denied Plaintiff's Motion to Compel the production of a memo prepared by security officials (regarding Plaintiff's supposed possession of a stolen handcuff key) because Plaintiff did not show how such information is relevant to his claimed denial of mental health services. (Docket No. 142 at 12). Plaintiff asserts in his Appeal that such memo is relevant to show that Defendants created a fabricated report, and that they denied him mental health treatment because they created an image of him being in possession of a stolen handcuff key and being a security risk, which ultimately led to him being denied mental health treatment. (Docket No. 147 at 9). Upon consideration of Plaintiff's somewhat convoluted explanation – which the Court finds does not indicate that said memo is relevant to the denial of Plaintiff's mental health treatment – the Court finds that Plaintiff has not shown Judge Kelly's denial of his Motion to Compel production of such memo to be clearly erroneous or contrary to law.

Finally, Judge Kelly denied the Motion to Compel the production of hospital x-rays taken of Plaintiff because Defendants stated that they have already produced Plaintiff's hospital records and a radiologist's report but are not in possession of any actual x-ray films. (Docket No. 142 at 12). Judge Kelly further advised Plaintiff that he may obtain x-ray films through a properly issued

7

subpoena served on Washington Hospital. (*Id.*). Plaintiff explains in response that he requires such x-rays to prove that he was never in possession of a stolen handcuff key, but he does not address Judge Kelly's Order specifically. (Docket No. 147 at 9-10). Accordingly, the Court does not find the denial of Plaintiff's Motion to Compel production of such x-rays to be clearly erroneous or contrary to law.

Therefore, upon consideration of Plaintiff's Appeal of Judge Kelly's Order (Docket No. 142), and having reviewed that Order in accordance with 28 U.S.C. § 636(b)(1) and Rule 72.C.2 of the Local Rules of Court, the Court finds that the Order is neither clearly erroneous nor contrary to law, and thus the Court declines to reconsider Plaintiff's Motion to Compel.

Accordingly, the Court enters the following Order:

AND NOW, this 15th day of November, 2022,

IT IS HEREBY ORDERED that Magistrate Judge Kelly's ruling in her Order entered in the above-captioned matter on July 11, 2022 (Docket No. 142), granting in part and denying in part Plaintiff's Motion to Compel, is AFFIRMED.

        */s W. Scott Hardy*
        W. Scott Hardy
        United States District Judge

cc/ecf:      All counsel of record
              Ramon Sanchez (via U.S. Mail)