IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAMON SANCHEZ, | ) |
| Plaintiff, | ) Civil Action No. 20-1005 |
| v. | ) District Judge W. Scott Hardy |
| | ) Magistrate Judge Maureen P. Kelly |
| CAPTAIN SILBAUGH, LIEUTENANT LEWIS, STEVEN LONGSTRETH, PSYCHOLOGIST WHITMAN and PSYCHIATRIST PUSHKALAI PILLAI, | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

This matter comes before the Court on *pro se* Plaintiff Ramon Sanchez's appeal (Docket No. 211) of Magistrate Judge Maureen P. Kelly's Order (Docket No. 209) deferring consideration of Plaintiff's "Request for Monetary Sanctions Due to Spol[i]ation of Evidence" (Docket No. 195 ("Request for Sanctions")). In her Memorandum Order, issued on September 27, 2023, Judge Kelly found that, under the circumstances presented, it was appropriate to defer resolution of Plaintiff's Request for Sanctions based on spoliation of evidence until the time of trial. (Docket No. 209 at 2 ("Spoliation Order")). Judge Kelly also notified the parties in her Spoliation Order that they were allowed 14 days in which to file an appeal of the decision to the District Court, in accordance with 28 U.S.C. § 636(b)(1) and Rule 72.C.2 of the Local Rules of the United States District Court for the Western District of Pennsylvania. (*Id.*).

On October 17, 2023, Plaintiff filed his "Appeal Under Act 28 U.S.C. § 636(b)(1) and Rule 72.C.2 to the United States District Judge Within the Required 14 Days," in which he is appealing Judge Kelly's Spoliation Order. (Docket No. 211 ("Appeal")). In his Appeal, Plaintiff argues, in essence, that he has provided evidence showing that at one point video footage existed, but now it

1

does not exist, so he has established spoliation of evidence and sanctions are warranted.[1]  (*See id.* at 6).

Pursuant to 28 U.S.C. § 636(b)(1)(A), a United States magistrate judge may "hear and determine any [nondispositive] pretrial matter pending before the court," and a district judge "may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  *See also Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1120 (3d Cir.1986) (noting that, with regard to nondispositive motions, "the district court may modify the magistrate's order only if the district court finds that the magistrate's ruling was clearly erroneous or contrary to law").  A ruling by a magistrate judge is considered to be "'clearly erroneous' when, although there is evidence to support it, the reviewing Court is left with a definite and firm conviction that a mistake has been committed." *South Seas Catamaran, Inc. v. The Motor Vessel "Leeway,"* 120 F.R.D. 17, 21 (D.N.J. 1988) (citing *United States v. Gypsum Co.,* 333 U.S. 364, 395 (1948)), *aff'd,* 993 F.2d 878 (3d Cir. 1993).  Moreover, it is the party filing the notice of appeal who bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law.  *See Alarmax Distribs., Inc. v. Honeywell Int'l Inc.*, No. 2:14cv1527, 2016 WL 6791240, at *1 (W.D. Pa. Apr. 20, 2016).  In this case, as Plaintiff's Request for Sanctions is a nondispositive pretrial motion, the Court reviews Judge Kelly's Spoliation Order under this "clearly erroneous" standard.  *See* LCvR 72.C.2.

Having reviewed Judge Kelly's Spoliation Order deferring consideration of Plaintiff's Request for Sanctions, as well as the other filings in this case, the Court concludes that Judge

---

[1] In her Order of July 11, 2022, Judge Kelly directed Defendants to file a Notice on the docket attesting to the steps taken to verify that the requested video footage does not exist and identifying the names and job titles of employees with whom that request was lodged. (Docket No. 142 at 10).  As Defendants' prior counsel failed to file the Notice as directed, and given Plaintiff's pending Request for Sanctions, on August 24, 2023, Judge Kelly again ordered Defendants to file the Notice in compliance with the Order at Docket No. 142. (Docket No. 207).  Defendants filed such Notice with attached affidavits on September 15, 2023.  (Docket No. 208).

Kelly's Order is well-reasoned and supported by the law. Judge Kelly found that, based upon review of Plaintiff's Request for Sanctions and attached exhibits and Defendants' Notice and attached affidavits (filed in compliance with her Order at Docket No. 207), there is an apparent dispute as to whether video of Plaintiff immediately after he allegedly harmed himself was recorded and not preserved. (Docket No. 209 at 2). Judge Kelly noted that, through a Request to Staff Form dated January 29, 2019, Plaintiff requested that DOC personnel preserve "'for future litigation' 'the[e]ntire footage of the miniature security handheld camera that was used to record me attempting to kill myself, being removed from I-Block G Pod 22 or 21 cell to be placed I-Block triage . . . .'" (*Id.* (quoting Docket No. 195 at 4)). Judge Kelly stated that Defendants, however, state that this incident was never recorded. (*See id.* (citing Docket No. 208, ¶ 20)). Judge Kelly concluded, therefore, that "[u]nder the circumstances presented, resolution of the Plaintiff's motion is deferred to time of trial to permit an assessment of witness credibility on this issue." (*Id.*). Although Plaintiff argues that he has provided evidence showing that at one point video footage existed but now it does not exist, so he has established spoliation of evidence and sanctions are warranted, the Court agrees with Judge Kelly that both Plaintiff and Defendants have produced evidence as to the existence (or nonexistence) of such video footage. Thus, upon consideration of Judge Kelly's analysis as well as Plaintiff's argument in opposition thereto, the Court finds that Judge Kelly's decision to defer consideration of Plaintiff's Request for Sanctions based on the alleged spoliation of evidence is neither clearly erroneous nor contrary to law.

Therefore, upon consideration of Plaintiff's Appeal (Docket No. 211) of Judge Kelly's Spoliation Order (Docket No. 209), and having reviewed that Order in accordance with 28 U.S.C. § 636(b)(1) and Rule 72.C.2 of the Local Rules of Court, the Court finds that the Order is neither clearly erroneous nor contrary to law, and thus the Court declines to reconsider whether Plaintiff's

Request for Sanctions should be granted at this juncture. Additionally, the Court notes that a motion requesting sanctions based on spoliation of evidence is premature at this juncture, since such a motion is appropriately filed in preparation for trial in accordance with dates set forth in a Pretrial Order. The Court will issue such a Pretrial Order in this case at the appropriate time after a Post-Fact Discovery Status Conference, if this case is proceeding to trial. Accordingly, the Court will deny Plaintiff's Request for Sanctions without prejudice to refiling, if appropriate, in accordance with the Court's Pretrial Order, by a date to be designated therein.

Accordingly, the Court enters the following Order:

AND NOW, this 21st day of December, 2023,

IT IS HEREBY ORDERED that, for the reasons set forth above, upon consideration of Plaintiff's Appeal (Docket No. 211) of Magistrate Judge Kelly's ruling in her Memorandum Order entered in the above-captioned matter on September 27, 2023 (Docket No. 209), deferring consideration of Plaintiff's Request for Sanctions until the time of trial, that ruling is AFFIRMED. Additionally, Plaintiff's Request for Sanctions (Docket No. 195) is DENIED WITHOUT PREJUDICE to refiling, if appropriate, in accordance with a date to be designated in the Court's Pretrial Order.

*/s W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:   All counsel of record
          Ramon Sanchez (via U.S. Mail)